IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: MORPHOGEN PHARMACEUTICALS, INC., <br><br> Debtor. | ) ) ) ) ) ) |
| ATHERSYS, INC., <br><br> Appellant, <br><br> v. <br><br> MORPHOGEN PHARMACEUTICALS, INC., <br><br> Appellee. | ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 04-291 (GMS) |

**MEMORANDUM**

**I.    INTRODUCTION**

Presently before the court is an appeal in the above-captioned matter from the United States Bankruptcy Court for the District of Delaware. At issue is whether the Bankruptcy Court erred in concluding that Appellee MorphoGen Pharmaceuticals, Inc. ("MorphoGen") had the right to terminate the Asset Purchase Agreement ("APA") it had previously entered into with Appellant Athersys, Inc. ("Athersys"). Also at issue is whether the Bankruptcy Court erred in concluding that MorphoGen's termination of the APA was not premature.

**II.   JURISDICTION**

The court has jurisdiction over this appeal pursuant to 28 U.S.C.A. § 158(a) (Supp. 2005).

**III.  STANDARD OF REVIEW**

"In reviewing a case on appeal, the Bankruptcy Court's factual determinations will not be set aside unless they are clearly erroneous. *See Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635,

641 (3d Cir. 1991), *cert. denied*, 503 U.S. 937, 117 L. Ed. 2d 620, 112 S. Ct. 1476 (1992). Conversely, a Bankruptcy Court's conclusions of law are subject to plenary review. *See id.*" *Palms Assocs. v. Video Update, Inc.*, No. 03-18, 2005 U.S. Dist. LEXIS 9559, at *2 (D. Del. May 19, 2005).

IV.   **DISCUSSION**

The facts underlying this appeal stem from the terms of a contract, referred to as the Asset Purchase Agreement ("APA"), executed by the parties in January 2003. Pursuant to their agreement, Athersys was to pay specified amounts of cash and stock to MorphoGen in exchange for certain intellectual property ownership rights. By its terms, however, the APA does not contemplate an immediate exchange upon execution of the agreement. Instead, the APA provides a thirty-day period for the parties to engage in due diligence. At the end of that period, the Seller (i.e., MorphoGen) has the right to terminate the agreement "in the event that the Purchaser [i.e., Athersys] shall not have (i) completed its due diligence review of the Seller, and (ii) notified the Seller of the completion of such due diligence[.]" APA § 11.1(f).

If the agreement is not so terminated, the APA provides the parties with a second thirty-day period to fulfill several conditions precedent, only one of which is relevant to this appeal:

> 10.2 *Conditions to the Purchaser's Obligation to Effect the Closing.* The obligation of the Purchaser to effect the Closing is subject to the satisfaction or waiver on or prior to the Closing Date of the following conditions:
> . . .
> (c) *Closing Deliveries.* The Seller shall have delivered all of the items required by *Section 6.2* and any other items required to be delivered by the Seller pursuant to the terms and conditions of this Agreement.

(APA § 10.2 (emphasis in original).) Thus, the Purchaser is not bound by the APA to complete the transaction unless the Seller secures the "Closing Deliveries" listed in Section 6.2, which reads in

relevant part:

> 6.2 *Deliveries by the Seller.*  At the Closing, the Seller shall deliver to the Purchaser the following items:
>
> . . .
>
> (r) a release and a written acknowledgement (in form and substance satisfactory to the Purchaser) duly executed by any of the Seller's trade creditors, suppliers, vendors and other creditors that the Purchaser reasonably requests;
>
> . . .
>
> (u) a termination agreement (in form and substance satisfactory to the Purchaser) terminating the Lease [on certain property leased by MorphoGen.]

(APA § 6.2 (emphasis in original).)  Moreover, if the closing does not occur within the second thirty-day period, the APA permits either party to terminate the agreement, subject to two provisos:

> *provided, however*, that the party seeking to terminate has not breached any of its obligations under this Agreement that shall have caused the Closing not to have occurred; *provided further*, that the failure of the Seller to deliver or be able to deliver a termination agreement terminating the Lease pursuant to *Section 6.2(u)* . . . shall not be considered to be a breach by the Seller of its obligations under this Agreement that shall have caused the Closing not to have occurred . . . .

(Id. § 11.1(b) (emphasis in original).)

After the parties executed the APA in January 2003, the due diligence period commenced the following day and was set to expire on March 13.  On March 12, Athersys notified MorphoGen that its due diligence was complete.  However, Athersys also raised concerns about MorphoGen's title to certain technology.  MorphoGen responded on March 17 by asserting that the problems uncovered by Athersys precluded completion of due diligence within the thirty-day period, thereby giving MorphoGen the right to terminate pursuant to APA § 11.1(f) -- which it purported to exercise immediately.  On March 18, MorphoGen filed for relief under Chapter 11.  As a result of these events, the closing did not occur within the second thirty-day period.  MorphoGen subsequently initiated an adversary proceeding against Athersys seeking, among other things, a declaratory

judgment that the APA was properly terminated. The Bankruptcy Court, after holding a trial on disputed issues of fact, concluded that MorphoGen did not have the right to terminate the agreement pursuant to Section 11.1(f). However, the Bankruptcy Court further concluded that MorphoGen *did* have the right to terminate pursuant to Section 11.1(b) because closing did not occur within the second thirty-day period.

On appeal, Athersys contends that the latter holding of the Bankruptcy Court was erroneous as a matter of law. Athersys argues to this court, as it did to the court below, that MorphoGen's inability to obtain the creditor releases required by APA § 6.2(r) -- a fact found by the Bankruptcy Court – falls squarely within the first proviso to Section 11.1(b). More specifically, Section 11.1(b) gives either party the right to terminate if closing does not occur within the second thirty-day period *unless* the party seeking to terminate breaches any of its "obligations" under the APA, causing the closing not to occur. It is Athersys' position that MorphoGen's failure to obtain creditor releases would prevent closing, and therefore, precludes MorphoGen from exercising its right of termination. As evidence that the creditor releases required by Section 6.2(r) are obligations of the type contemplated by the first proviso to Section 11.1(b), Athersys points to the language of the second proviso: "the failure of the Seller to deliver or be able to deliver a termination agreement terminating the Lease pursuant to *Section 6.2(u)* . . . shall not be considered to be a breach by the Seller of its obligations under this Agreement that shall have caused the Closing not to have occurred . . . ." (APA § 11.1(b) (emphasis in original).) According to Athersys, because the second proviso carves out Section 6.2(u) as an obligation that the Seller need not perform within the second thirty-day period in order to invoke its termination right, the remaining portions of Section 6.2 are necessarily obligations that the Seller *must* perform within that period. Consequently, Athersys argues,

MorphoGen's failure to perform its obligations under Section 6.2(r) precludes termination.

In disagreeing with Athersys, the Bankruptcy Court relied heavily on *Summit Investors II, L.P. v. Sechrist Industries, Inc.*, C.A. No. 19400, 2002 WL 31260989 (Del. Ch. Sept. 20, 2002). There, the parties entered into a contract whereby the defendants agreed to purchase certain stock held by the plaintiffs upon proper notice. Although the plaintiffs gave notice, the defendants believed the notice was deficient and amounted to a breach by the plaintiffs. The Delaware Court of Chancery held that the notice provision was merely a condition precedent to the defendants' duty to perform, rather than a covenant to perform. And, under Delaware law, "[n]on-occurrence of a condition is not considered a breach by a party unless he is under a duty for that condition to occur." *Id.* at *7. As such, the defendants did not state a claim for breach of contract. Here, the Bankruptcy Court reasoned that the items listed in Section 6.2, by virtue of their connection to Section 10.2 – which bears the heading "Conditions to the Purchaser's Obligation to Effect the Closing" – are the same types of conditions precedent as the notice provision in *Summit*, and therefore, cannot give rise to a breach.

As a general statement of contract law, the court agrees that non-performance of a condition precedent does not give rise to a breach. Nevertheless, that proposition does not dispose of this appeal because the question presented is not whether MorphoGen *breached* the APA, but whether MorphoGen had the right to *terminate* the APA. Thus, *Summit* is inapposite. The court finds merit in Athersys' argument regarding the interplay between the two provisos to Section 11.1(b). If Section 6.2(u) were not construed as an "obligation" of the type described in the first proviso, the second proviso would be superfluous. Furthermore, such a construction would render the first proviso impotent by empowering the Seller to terminate at will, e.g., by purposely failing to fulfill

the conditions precedent for which it is responsible. However, that is a right the APA reserves for the Purchaser (or the Seller, if the roles are reversed). Therefore, the court holds that MorphoGen's failure to secure the creditor releases precludes it from exercising its right of termination.

## V.     CONCLUSION

For the aforementioned reasons, the court will reverse the lower court's decision regarding MorphoGen's right to terminate, and remand for proceedings consistent with this opinion. Because MorphoGen did not have the right to terminate the APA, the court need not reach the second question raised on appeal.

Dated: February 8, 2006

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: MORPHOGEN PHARMACEUTICALS, INC., <br><br> Debtor. | ) ) ) ) ) ) |
| ATHERSYS, INC., <br><br> Appellant, <br><br> v. <br><br> MORPHOGEN PHARMACEUTICALS, INC., <br><br> Appellee. | ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. 04-291 (GMS)

**ORDER**

IT IS HEREBY ORDERED THAT:

The holding of the Bankruptcy Court regarding the Appellee's right to terminate its contract with the Appellant be REVERSED, and the case be REMANDED for proceedings consistent with the written opinion accompanying this order.

Dated: February 8, 2006

UNITED STATES DISTRICT JUDGE